# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7935 | **DATE** | 10/9/12 |
| **CASE TITLE** | Gordon Young (#2011-0928134) vs. The Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action, that is, from 4/3/2012 through 10/3/2012. Additionally, Plaintiff's complaint is dismissed with leave to submit an amended complaint for the reasons stated below. The Clerk is directed to provide Plaintiff with a blank i.f.p. petition and an amended complaint form and instructions for filing, along with a copy of this order. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff has filed this cause of action pursuant to 28 U.S.C. § 1983, alleging that the Defendants violated his rights by denying him adequate access to a law library both at the Cook County Jail and the DeWitt County Jail. Plaintiff has failed either to pay the $350.00 filing fee or file a properly completed application to proceed *in forma pauperis*.

An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. The certification attached to Plaintiff's i.f.p. application is incomplete. Additionally, for the Court to make the necessary assessment of an initial partial filing fee, the prisoner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, Plaintiff's i.f.p. petition is not properly certified by an authorized jail official, and the submitted prison trust fund ledgers contains no information after July 7, 2012. Plaintiff's i.f.p. application consequently is incomplete and out of date.

In short, if Plaintiff wants to proceed with this lawsuit, he must submit a properly certified i.f.p. petition by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from April 3, 2012, through October 3, 2012]. The Clerk will provide Plaintiff with a blank i.f.p. application. The Clerk shall also forward a copy of this order to the trust fund officer at the Cook County Jail to facilitate compliance. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980). If Plaintiff submits another improperly certified i.f.p. application, this case will be summarily dismissed pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Plaintiff must also submit an amended complaint, as the complaint is flawed in multiple ways. Initially, Plaintiff has named only parties who may not be sued. The Cook County Jail and DeWitt County Jail are not suable entities. *See Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993). Consequently, they are dismissed.

Additionally, to the extent that Plaintiff's claim is that Defendants violated his rights by transferring him from Cook County Jail to DeWitt County Jail, Plaintiff had no right to remain at the Cook County Jail. With regard to state prisoners, "[j]ust as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983); *see also Howe v. Smith*, 452 U.S. 473, 487 (1981); *Healy v. Wisconsin*, 65 Fed. Appx. 567 (7th Cir. 2003). Illinois statutes specifically provide that pretrial detainees may be transferred to any facility "whenever [the county department of corrections] determines that such transfer or recommitment would promote the welfare or rehabilitation of the prisoner, or that such transfer or recommitment is necessary to relieve overcrowding." 55 ILCS § 5/3-15003(b). Plaintiff has no liberty interest in remaining in a particular correctional facility. *Nash v. Litscher*, 50 Fed Appx. 317 (7th Cir. 2002). As such, Plaintiff's claim regarding his transfers to Jefferson and DeWitt Counties fails to state a cause of action.

With regard to the strip search claimed by Plaintiff, Rule 8(a) of the Federal Rules of Civil Procedure requires the complaint to contain: (1) a short and plain statement of the basis for the court's jurisdiction; (2) a short and plain statement of the plaintiff's basic claims, and (3) a demand for the relief sought. The amended complaint on file is not in compliance with the federal pleading requirements established under FED. R. CIV. P. 8(a). Rule 8 reflects a liberal notice pleading focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)., *quoting Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (2004). Plaintiff makes a statement that he was strip-searched without saying more. The U.S. Supreme Court has recently ruled that strip searches in county jails are constitutional. *Florence v. Board of Chosen Freeholders of County of Burlington, et al*. ___ U.S. ___ , 2012 U.S. LEXIS 2712, (April 2, 2012). Accordingly, without more, it would appear that Plaintiff states no claim for violation of his rights relating to strip searches.

With respect to Plaintiff's access to a law library, the Supreme Court held that the "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Simply alleging a denial of or limited access to a library does not, however, by itself, state a valid claim of denied access to the courts. A plaintiff must allege facts that demonstrate an actual injury, i.e., that "the prison ... frustrated or ... imped[ed] an attempt to bring a nonfrivolous legal claim." *In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; ... only if the defendants' conduct prejudices a potentially meritorious challenge [or claim] ... has this right been denied." *Maxy*, 674 F.3d at 661. Although Plaintiff alleges that he was denied adequate library access, he does not identify a meritorious claim or challenge that he was unable to raise. He merely states that he missed two filing deadlines, without stating that he was prejudiced. Plaintiff has not presented a claim of denied access to the courts, but instead, only a denial of adequate access to a prison law library. Such a claim does not state a constitutional violation. *Maxy*, 674 F.3d at 661; *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Further, although Plaintiff does not specify, the Court interprets his "case", referred to in his complaint, as his underlying criminal case. With regard to criminal proceedings, an inmate's right of access to the courts is generally satisfied if he is represented by counsel. *See, e.g., Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir.), *cert. denied*, 488 U.S. 863, 102 L. Ed. 2d 133, 109 S. Ct. 162 (1988). Because Plaintiff represents in his complaint that he has a defense attorney capable of performing his or her own legal research, he cannot claim that a denial of access to the courts affected his criminal trial. Accordingly, Plaintiff has failed to state a claim in his

| STATEMENT |
|---|
| complaint, and it is dismissed without prejudice. To the extent that Plaintiff believes he may have a claim, he may file an amended complaint.<br><br>      The Court gives plaintiff thirty days to file his amended i.f.p. application, and proposed amended complaint. The Clerk is directed to send Plaintiff an amended civil rights complaint form and instructions, along with a copy of this order. Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff. If Plaintiff fails to comply with this order within thirty days this case will be dismissed.<br><br>*[signature]* |