# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7935 | **DATE** | 11/9/12 |
| **CASE TITLE** | Gordon Young (#2011-0928134) vs. The Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff has submitted his properly completed and certified i.f.p. application [#7] as ordered by the Court on October 9, 2012. The motion is granted. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Cook County Jail. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). All other pending motions are denied as moot.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff was ordered on October 9, 2012, to submit a properly completed and certified i.f.p. application and a proposed amended complaint. Plaintiff has complied. Plaintiff has filed suit pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his rights by denying him adequate access to a law library both at the Cook County Jail and the DeWitt County Jail. He alleges that he was transferred to DeWitt County Jail without his consent, that he was strip-searched, and that he was not allowed to contact his attorney for thirty-five days.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.63. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

    Plaintiff has also submitted a proposed amended complaint. Under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court concludes that the complaint fails to state a claim as a matter of law. Initially, Plaintiff has named parties, Cook County Jail and DeWitt County Jail, who may not be sued. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Consequently, they are dismissed.

    Additionally, it is now clear to the Court from the facts pled in Plaintiff's proposed amended complaint that he cannot state a cause of action on which relief can be granted. With respect to Plaintiff's claim that

|**STATEMENT**|
|---|

Defendants violated his rights by transferring him from Cook County Jail to DeWitt County Jail, as Plaintiff was instructed in the Court's order of October 9, 2012, Plaintiff had no right to remain at the Cook County Jail. With regard to state prisoners, "[j]ust as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983); *see also Howe v. Smith*, 452 U.S. 473, 487 (1981); *Healy v. Wisconsin*, 65 Fed. Appx. 567 (7th Cir. 2003). Illinois statutes specifically provide that pretrial detainees may be transferred to any facility "whenever [the county department of corrections] determines that such transfer or recommitment would promote the welfare or rehabilitation of the prisoner, or that such transfer or recommitment is necessary to relieve overcrowding." 55 ILCS § 5/3-15003(b). Plaintiff has no liberty interest in remaining in a particular correctional facility. *Nash v. Litscher*, 50 Fed Appx. 317 (7th Cir. 2002). As such, Plaintiff's claim regarding his transfers to Jefferson and DeWitt Counties fails to state a cause of action.

In addition, Plaintiff has failed to state a claim relating to his strip-search. Plaintiff claims that he was strip-searched after his transfer to DeWitt County Jail. The Seventh Circuit has explained that "[i]n the context of bodily searches performed upon those incarcerated in our prison system, only those searches that are 'maliciously motivated, unrelated to institutional security, and hence totally without penological justification' are considered unconstitutional." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004) (quoting *Meriwether v. Faulkner*, 821 F.2d 408, 418 (7th Cir. 1987)). Here, Plaintiff says he was searched when he was transferred to a new facility. As he describes it, that is not an unjustified search, but an action consistent with a reasonable policy. *See, e.g.*, *Florence v. Board of Chosen Freeholders of County of Burlington, et al.*, 132 S. Ct. 1510, 1518 (2012) ("Correctional officials have a significant interest in conducting a thorough search as a standard part of the intake process."). Accordingly, Plaintiff states no claim for violation of his rights based on the fact that he was strip-searched following his transfer to the DeWitt County Jail.

With respect to Plaintiff's access to a law library, the Supreme Court has held that the "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Simply alleging a denial of or limited access to a library does not, however, by itself, state a valid claim of denied access to the courts. A plaintiff must allege facts that demonstrate an actual injury, i.e., that "the prison ... frustrated or ... imped[ed] an attempt to bring a nonfrivolous legal claim." *In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; ... only if the defendants' conduct prejudices a potentially meritorious challenge [or claim] ... has this right been denied." *Maxy*, 674 F.3d at 661. Although Plaintiff alleges that he was denied adequate library access, he does not identify a meritorious claim or challenge that he was unable to raise. He merely states that he missed two filing deadlines, without stating that he was prejudiced. Plaintiff has not presented a claim of denied access to the courts, but instead, only a denial of adequate access to a prison law library. Such a claim does not state a constitutional violation. *Maxy*, 674 F.3d at 661; *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Further, although Plaintiff does not specify, the Court interprets the reference in Plaintiff's complaint to his "case" as his underlying criminal case. With regard to criminal proceedings, an inmate's right of access to the courts is generally satisfied if he is represented by counsel. *See, e.g., Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir.1988). Because Plaintiff represents in his complaint that he has a defense attorney capable of performing his or her own legal research, he cannot claim that a denial of access to the courts affected his criminal trial. Accordingly, the Court finds after allowing Plaintiff to submit a proposed amended complaint, that he has failed to state a claim, and it is dismissed.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted, and shall remain closed on the Court's docket. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28

## STATEMENT

U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."

*[signature]*